B1 (Official Form 1)(04/13)

| United States Bankruptcy Court<br>Southern District of Texas | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**HII Technologies, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**FKA Shumate Industries, Inc.; FKA Hemiwedge Industries, Inc.** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>**03-0453686** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**8588 Katy Freeway Suite 430**<br>**Houston, TX**<br>ZIP Code **77024** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Harris** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>**8588 Katy Freeway Suite 430**<br>**Houston, TX**<br>ZIP Code **77024** | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

| Type of Debtor<br>(Form of Organization) (Check one box) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>■ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined<br>in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>■ Other | ☐ Chapter 7<br>☐ Chapter 9<br>■ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13    ☐ Chapter 15 Petition for Recognition<br>of a Foreign Main Proceeding<br><br>☐ Chapter 15 Petition for Recognition<br>of a Foreign Nonmain Proceeding |

| Chapter 15 Debtors | Tax-Exempt Entity<br>(Check box, if applicable) | Nature of Debts<br>(Check one box) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding<br>by, regarding, or against debtor is pending: | ☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | ☐ Debts are primarily consumer debts,<br>defined in 11 U.S.C. § 101(8) as<br>"incurred by an individual primarily for<br>a personal, family, or household purpose."    ■ Debts are primarily<br>business debts. |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must<br>attach signed application for the court's consideration certifying that the<br>debtor is unable to pay fee except in installments. Rule 1006(b). See Official<br>Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>■ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates)<br>are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors,<br>in accordance with 11 U.S.C. § 1126(b). |

**Statistical/Administrative Information**

■ Debtor estimates that funds will be available for distribution to unsecured creditors.

☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid,
there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

B1 (Official Form 1)(04/13) Page 2

| **Voluntary Petition**<br><br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**HII Technologies, Inc.** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:  **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**See Attachment** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>■ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X_____<br>   Signature of Attorney for Debtor(s)       (Date) |
|---|---|

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>  ☐ Yes, and Exhibit C is attached and made a part of this petition.<br><br>  ■ No. |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br><br>  ☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br><br>If this is a joint petition:<br><br>  ☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue** |
|---|
| (Check any applicable box)<br><br>■    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br><br>■    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.<br><br>☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property** |
|---|
| (Check all applicable boxes)<br><br>☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)<br><br>        _____<br>        (Name of landlord that obtained judgment)<br><br><br>        _____<br>        (Address of landlord)<br><br>☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and<br><br>☐    Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.<br><br>☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

B1 (Official Form 1)(04/13)                                                                                      Page 3

## Voluntary Petition

*(This page must be completed and filed in every case)*

Name of Debtor(s):

**HII Technologies, Inc.**

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Attorney*

X **/s/ Hugh M. Ray, III**
Signature of Attorney for Debtor(s)

**Hugh M. Ray, III 24004246**
Printed Name of Attorney for Debtor(s)

**McKool Smith PC**
Firm Name

**600 Travis Suite 7000**
**Houston, TX 77002-3018**

Address

**713-485-7300  Fax: 713-485-7344**
Telephone Number

**September 18, 2015**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer).(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Loretta R. Cross**
Signature of Authorized Individual

**Loretta R. Cross**
Printed Name of Authorized Individual

**Chief Restructuring Officer**
Title of Authorized Individual

**September 18, 2015**
Date

In re   **HII Technologies, Inc.** _____,   Case No. _____
                                                                     Debtor

# FORM 1. VOLUNTARY PETITION
## <u>Pending Bankruptcy Cases Filed Attachment</u>

| <u>Name of Debtor / District</u> | <u>Case No. / Relationship</u> | <u>Date Filed / Judge</u> |
|---|---|---|
| **Apache Energy Services, LLC**<br>**Southern District of Texas, Victoria Division** | **Affiliate** | |
| **Aqua Handling of Texas, LLC**<br>**Southern District of Texas, Victoria Division** | **Affiliate** | |
| **Hamilton Investment Group, Inc.**<br>**Southern District of Texas, Victoria Division** | **Affiliate** | |
| **Sage Power Solutions, Inc.**<br>**Southern District of Texas, Victoria Division** | **Affiliate** | |

B 1A (Official Form 1, Exhibit A) (9/97)
*[If debtor is required to file periodic reports (e.g. forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

# United States Bankruptcy Court
## Southern District of Texas

In re   **HII Technologies, Inc.**                                  Case No.
                                    Debtor(s)      Chapter   **11**

# EXHIBIT "A" TO VOLUNTARY PETITION

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is
   **000-30291** .

2. The following financial data is the latest available information and refers to the debtor's condition on   **07/31/2015** .

   a. Total assets                                                    $                **17,576,422.00**

   b. Total debts (including debts listed in 2.c., below)             $                **26,546,769.00**

   c. Debt securities held by more than 500 holders:                                                   Approximate
                                                                                                        number of
                                                                                                        holders:

| | | | | | | Approximate number of holders: |
|---|---|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | **0.00** | | **0** |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | **0.00** | | **0** |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | **0.00** | | **0** |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | **0.00** | | **0** |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | **0.00** | | **0** |

   d. Number of shares of preferred stock                    **5,640**                      **19**

   e. Number of shares common stock                     **57,661,010**                      **375**

   Comments, if any:

3. Brief description of Debtor's business:
   **Oilfield services**

4. List the name of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
   **Mitchell Lukin - 7.67%**
   **William M. Hamilton - 6.11%**
   **Sharon K. Hamilton - 6.11%**
   **Brent Mulliniks - 6.00%**
   **Billy Cox - 5.62%**
   **Reserve Financial Corp. - 5.58%**
   **Kenton Chickering III - 5.58%**

Minutes of the Meeting

Of the Board Of Directors Of HII Technologies, Inc.

Monday September 14, 2015

A meeting of the Board of Directors (the "Board") of HII Technologies, Inc., a Delaware corporation (the "Company" or the "Corporation" or "HII Technologies" or "HII"), was held on Monday September 14, 2015, at 9:00 a.m. CST at the offices of HII Technologies, 8588 Katy Freeway, Suite 430, Houston, Texas 77024. All of the directors were present either in person or via telephone and all of the directors in the meeting could hear each other. Directors of the Board present in person were Matthew Flemming, Ken Chickering and Alex Newton. Directors of the Board present via phone were Leo Womack and Brent Mulliniks. Guests of the meeting either in person or via teleconference call included Loretta Cross (Chief Restructuring Officer (CRO) of the Company) and Margaret Ceconi of Stout Risius Ross, Inc., the Company's restructuring consultants, Hugh Ray and Chris Johnson of McKool Smith, the Company's bankruptcy counsel and Marc Indeglia and Greg Carney of Indeglia & Carney LLP, the Company's corporate and securities counsel.

1. **Call to Order.**

   The meeting was called to order by Mr. Matt Flemming, CEO of the Company and Chairman of the Board at 9:05 a.m.

2. **Waiver of Notice of the Meeting of the Board of Directors.**

   The first order of business was to waive the Notice of the Board Meeting as there was unanimous attendance of the Board. Upon motion duly made and seconded, the following resolution was unanimously adopted:

   **RESOLVED**, that the directors present hereby confirm that this meeting notice was waived, and any objection therefore, and consent to the validity of any action taken at this meeting.

   **RESOLVED FURTHER**, that the Secretary of the Corporation is hereby instructed to insert such waiver of notice into the Corporation's minute book.

3. **Review of the Current Operations and Wind Down of the Business**

   Ms. Cross summarized the Company's current state of the Company's operations: the Company and each of its wholly-owned subsidiaries have ceased revenue generating operations and the Company currently only has one employee, its CEO, Matt Flemming. The Company continues to collect receivables and return equipment. In addition, the Company and its advisors are continuing to investigate certain irregularities related to billing and collection of receivables by certain entities claiming to be operating under the name of Apache Energy Solutions LLC dba AES Water Transfer Services.

4.  **Review of Cash Forecast**

Ms. Cross then directed all participants to the Cash Forecast distributed prior to the Board call to support the Company's operations during bankruptcy and to the operations of the to-be-form liquidating trust to pursue claims of the Company after bankruptcy. The two sources of funds will be (i) debtor-in-possession (DIP) financing (currently proposed to be provided by the Company's current senior lenders, Heartland Bank and McClarty Capital Partners) and (ii) use of cash collateral, as approved by the Company's senior lenders in bankruptcy. Ms. Cross noted that Mr. Hugh Ray would discuss the current negotiations of the DIP financing later in the meeting. Ms. Cross instructed all parties that the distributed draft of the cash forecast does not include proceeds expected from the sale of the Company's equipment or upon sale of the public shell.

5.  **Update on Plans for a Proposed Chapter 11 Filing.**

Ms. Cross then summarized the plans for a proposed Chapter 11 filing and informed the Board this would include the following components: (i) liquidation of the Company's and its subsidiaries' hard assets and equipment and (ii) proposed plan of reorganization. Ms. Cross indicated that she and her colleagues were still in discussions with potential acquirors for the equipment and hard assets, including ██████████████████ The proposed plan of reorganization would include a sale of the Company's public shell following liquidation as well as the formation of a liquidating trust which would pursue all causes of action on behalf of the debtors in possession. Ms. Cross informed that Board that the Company had already received a proposed letter of intent from ████████████ with respect to purchase of the public shell. In addition, she advised that there have been discussions with another interested party in the water transfer business for the purchase of the public shell. ███████████████████████
████████████████████████████████████████████████
████████████████████████. Ms. Cross informed the Board that she expects other parties to have interest in purchasing the public shell, especially after this course of action is described in an initial bankruptcy filing. A general discussion ensued regarding management of the Company's NOL and non-shell status through the process. The to-be formed liquidating trust would provide another potential avenue of recovery for the Company's stakeholders. Current potential causes of actions expected to be pursued by the liquidating trust include avoidance/preference actions, suit against the Hamilton's related to the Company's August 2014 acquisition as well as actions related to certain improper business opportunities of the Company and its subsidiaries pursued by certain other individuals and entities. Ms. Cross indicated she would be distributing a list of such causes of action to the Board in the near term.

6.  **Update of DIP Financing Negotiations**

Mr. Ray led the discussion regarding the current DIP Financing negotiations. Mr. Ray informed the Board ██████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████



**7. Vote on Chapter 11 Filing.**

Ms. Cross then suggested the Board proceed to a vote on a Chapter 11 filing and inquired as to whether the board desired to congregate separately and discuss prior to such vote. Mr. Newton inquired as to the Company's other options in lieu of a Chapter 11 filing. Ms. Cross informed the Board that the only other viable option was a complete and immediate liquidation under Chapter 7 which would not yield any recovery for the unsecured creditors or the Company's other stakeholders or the shareholders.  Upon motion duly made and seconded, the following resolutions were unanimously adopted:

**RESOLVED**: that the Company and each of its wholly-owned subsidiaries Sage Power Solutions, Inc., Hamilton Investment Group, Inc., Aqua Handling of Texas, LLC, and Apache Energy Services, LLC (each a "Subsidiary" and collectively the "Subsidiaries") shall be, and hereby is, authorized and directed to: (a) file a voluntary petition (the "Petition") for relief under chapter 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Texas (the "Bankruptcy Court") and (b) perform any and all such acts as are reasonable, advisable, expedient, convenient, proper, or necessary to effect the foregoing.

**RESOLVED**: that each of the Company's CEO and/or the CRO shall be, and hereby is, authorized and empowered on behalf of and in the name of the Company and each Subsidiary to: (a) execute and verify the Petition, as well as all other ancillary documents, and cause the Petition to be filed with the Bankruptcy Court and make or cause to be made prior to execution thereof any modification to the Petition or ancillary documents as the CEO and/or CRO, in his/her discretion, deems necessary or desirable to carry out the intent and accomplish the purposes of these resolutions (such approval to be conclusively established by the execution thereof by the CEO and/or CRO); (b) execute, verify, and file or cause to be filed all petitions, schedules, lists, motions, applications, and other papers or documents necessary or desirable in connection with the foregoing; and (c) execute and verify any and all other documents necessary or appropriate in connection therewith in such form or forms as the either the CEO and/or the CRO may approve.

**RESOLVED**: that the CRO shall be, and hereby is, authorized and empowered to retain, on behalf of the Company and each Subsidiary such professionals, including attorneys, accountants, consultants, or brokers, in each case as in the CRO's judgment may be necessary or desirable in connection with the Company's and/or Subsidiary's chapter 11 case and other related matters, on such terms as the CRO shall approve.

**RESOLVED**: that (a) the Company and each Subsidiary shall be and is authorized to enter into, deliver, and perform, and each of the CEO and/or CRO is hereby authorized to execute and deliver, an asset purchase agreement (the "Asset Purchase Agreement") with a suitable party that will

enable the Company to liquidate substantially all of their assets at the highest and best price, subject to Bankruptcy Court approval and (b) the Board approves in all respects the transactions contemplated thereby.

**RESOLVED**: that (a) the Company and each Subsidiary shall be and is authorized to enter into, deliver, and perform, and each of the CEO and/or CRO is hereby authorized to execute and deliver, any borrowing or Debtor-in-Possession Loan (the "DIP Loan") with either Heartland/McClarty on the terms discussed above or as otherwise determined acceptable for the CEO and/or the CRO or another suitable lender that will enable the Company to borrow funds necessary to operate in Chapter 11, subject to Bankruptcy Court approval and (b) the Board approves in all respects the transactions contemplated thereby.

**RESOLVED**: that in addition to the specific authorizations heretofore conferred upon the CEO and the CRO, each of the CEO and/or CRO is hereby authorized, directed, 'and empowered, in the name of and on behalf of the Company, to take or cause to be taken  any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments, consents, including the appropriate consents or resolutions for each of its wholly-owned subsidiaries; and other documents, and to pay all expenses, including filing fees in each case as in such officer's or officers' judgment shall be necessary or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

No other business was brought before the Board.

8. **Adjourn**

The Board having no other business before it was motioned and seconded that the meeting be adjourned at approximately 9:52 a.m. CST.

By: _____
Matthew C. Flemming, Secretary