IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re:<br>APACHE ENERGY SERVICES, LLC<br>      Debtor | §<br>§<br>§<br>§ | Chapter 11<br>Case No. 15-60069 (DRJ) |
| In re:<br>HII TECHNOLOGIES, INC.<br>      Debtor | §<br>§<br>§<br>§<br>§ | Chapter 11<br>Case No. 15-60070 (DRJ) |
| In re:<br>AQUA HANDLING OF TEXAS, LLC<br>      Debtor | §<br>§<br>§<br>§<br>§ | Chapter 11<br>Case No. 15-60071 (DRJ) |
| In re:<br>HAMILTON INVESTMENT GROUP<br>      Debtor | §<br>§<br>§<br>§<br>§ | Chapter 11<br>Case No. 15-60072 (DRJ) |
| In re:<br>SAGE POWER SOLUTIONS, INC. f/k/a<br>KMHVC, INC.<br>      Debtor | §<br>§<br>§<br>§<br>§<br>§ | Chapter 11<br>Case No. 15-60073 (DRJ)<br><br>(**Joint Administration Requested**) |

**EMERGENCY APPLICATION TO EMPLOY AND RETAIN (I) STOUT RISIUS ROSS, INC. TO PROVIDE MANAGEMENT AND RESTRUCTURING SERVICES TO THE DEBTORS AND (II) LORETTA CROSS AS CHIEF RESTRUCTURING OFFICER**

**NOTICE UNDER BLR 9013(B) AND 9013(I)**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE

1

NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

EMERGENCY RELIEF HAS BEEN REQUESTED.  IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER.  IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED; YOU SHOULD FILE AN IMMEDIATE RESPONSE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

THE DEBTORS HAVE REQUESTED THAT THIS MOTION BE CONSIDERED AT THE DEBTORS' FIRST DAY HEARINGS.

**To the Honorable David R. Jones,**
**United State Bankruptcy Judge:**

HII Technologies, Inc. ("HII") and its above-captioned affiliated debtors (collectively, the "Debtors"), file this Application to Employ and Retain (I) Stout Risius Ross, Inc. to Provide Management and Restructuring Services to the Debtors and (II) Loretta Cross as the Debtors' Chief Restructuring Officer (the "Application"), and in support thereof, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this case in this District is proper pursuant to 28 U.S.C. §§ 1408.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory predicates for the relief sought herein are Sections 330, 363 and 1107(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a), 2016 and 5002.

3. Emergency relief is justified, notwithstanding Bankruptcy Rule 6003 because the Debtors pre-petition lenders have lost confidence in Debtors' management and require a CRO.

2

Loretta Cross is one of the two remaining representatives of the Debtors. She has been instrumental in negotiating and planning the Chapter 11 case and overseeing its asset sale or possible plan. The affidavit in support of emergency consideration has been filed contemporaneously.

**FACTUAL BACKGROUND AND BASIS FOR EMERGENCY CONSIDERATION[1]**

4.  Emergency consideration is necessary for the reasons stated in the First Day Affidavit. The Debtors need to have a CRO to work with the Lenders, investment bankers, professionals, and the Court. Ms. Cross has experience as a CRO. She was employed to provide pre-bankruptcy services and negotiated the DIP Facility for the Debtors. She needs to continue her work to realize the best result for creditors and strategic partners. If the Court does not authorize her to act for the Debtors on an emergency basis, the Debtors will suffer severe and irreparable harm as there will be no bankruptcy expert acting to prepare and sign schedules, negotiate with bankruptcy lenders, or take the other acts needed to preserve estate assets and obtain the best recovery for the estate.

5.  HII is an oilfield services company with operations in Texas, Oklahoma, Ohio, and West Virginia focused on commercializing technologies and providing services in frac water management, safety services and portable power used by exploration and production companies in the United States. It is traded on the OTCQB under the Stock Symbol HIIT. It was formed as a "roll up" of smaller oilfield service companies under a single umbrella. In December 2014, the Debtors employed 103 persons and extensively used independent contractor crews in connection with field service work.

---

[1] A more complete background of the Debtors' businesses and the events leading to the filing of this case is provided in the Affidavit of Loretta Cross in Support of First Day Motions, filed contemporaneously.

3

6. The Debtors' immediate objectives in commencing these chapter 11 cases are to minimize any loss in the value of their assets, preserve on-going business operations, and maximize creditor recoveries. To accomplish these ends, the Debtors intend to sell at auction substantially all of their assets. The auction should create a mechanism by which the free market values the assets and gives the greatest recovery for the estates.

7. On September 18, 2015 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11, title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Victoria Division (the "Court"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are operating their businesses and managing their property as Debtors-in-possession. No trustees or examiners have been appointed in this case.

## RELIEF REQUESTED

8. By this Application, the Debtors requests authorization to employ and retain Stout Risius Ross, Inc. ("SRR") to provide management and restructuring services to the Debtors, and also to employ and retain Loretta Cross ("Ms. Cross"), a Managing Director of SRR, as the Debtors' Chief Restructuring Officer ("CRO"), effective as of the Petition Date. The terms and conditions of engagement (most particularly those pertaining to reporting requirements of the CRO and the financial compensation for SRR's services) are set forth generally in the Engagement Letter, which is attached hereto as **Exhibit A**.

9. Under the Engagement Letter, SRR is paid weekly, but SRR will file with the Court and provide notice to the United States Trustee and all official committees, reports of compensation earned and expenses incurred on at least a quarterly basis. Such reports shall summarize the services provided, identify the compensation earned by each executive officer and

McKool 1122102v2

staff employee provided, and itemize the expenses incurred. The notice shall provide a 14 day time period for objections. All compensation paid remains subject to review by the Court in the event an objection is timely filed (*i.e.*, a "negative notice" procedure).

10. Moreover, to encourage Ms. Cross and SRR to undertake this action, and in accordance with the indemnification provisions in the Engagement letter, SRR and Ms. Cross shall not have or incur any Claim by any party (or any of its agents, employees, representatives, current or former members, financial advisors, attorneys or affiliates) or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of the management and restructuring services provided, or to be provided, except for claims arising from their willful misconduct or fraud (which claims shall not exceed the fees SRR receives for the portion of the work giving rise to such liability); and, it is further

11. Additionally, the Debtors respectfully request entry of an order pursuant to Sections 363 and 327 of the Bankruptcy Code employing and retaining SRR and/or Ms. Cross are to provide management and restructuring services to the Debtors.

## SERVICES TO BE RENDERED

12. The Debtors anticipate that SRR and Ms. Cross may render the following management and restructuring services in this case (in addition to the ordinary course duties of a CRO to be rendered by Ms. Cross):

- Manage the day-to-day operation of the Debtors.
- Manage the Debtors' financial and treasury functions.
- Assist the Debtors in (i) cash management, planning, general accounting and financial reporting information management, and (ii) formulation and negotiation with respect to a plan of liquidation or reorganization.
- Assist with the preparation of the statement of financial affairs, schedules and other regular reports required by the Bankruptcy Court or which are customarily issued by the Debtors' Chief Financial Officer as well as

McKool 1122102v2

> providing assistance in such areas as testimony before the Bankruptcy Court on matters that are within SRR's areas of expertise.
>
> - Assist with financing issues during the bankruptcy case.
>
> - Lead negotiations with stakeholders and their representatives.
>
> - Coordinate and provide support for the bankruptcy cases and developing a plan of reorganization or other appropriate case resolution, if necessary.
>
> - Assist in negotiations with potential acquirers of the Debtors' assets.
>
> - Manage the "working group" professionals who are assisting the Debtors in the reorganization process to improve coordination of their effort and individual work product to be consistent with the Debtors' overall restructuring goals.
>
> - Work with the Debtors and management to further identify and implement both short-term and long-term liquidity generating initiatives, including collection of existing accounts receivable and sale of assets.
>
> - Management of the claims and claims reconciliation processes.
>
> - Assist with such other matters as may be requested by the board of directors or necessitated by the bankruptcy process that fall within SRR's expertise and that are mutually agreed upon.

13. The services to be provided by SRR and Ms. Cross will not be duplicative of those provided by any other advisors to the Debtors, and SRR and Ms. Cross will coordinate any services performed at the Debtors' request with the services of any other financial advisors and counsel, as appropriate, to avoid duplication of effort.

## QUALIFICATIONS

14. The Debtors have selected SRR and Ms. Cross as their management and restructuring advisor and CRO, respectively, because of their diverse experience and extensive knowledge in the fields of turnarounds, accounting and bankruptcy.

15. Preceding the Petition Date, the Debtors employed SRR as financial advisor from June 30, 2015 until the Petition Date. During that time, Ms. Cross was one of several SRR personnel assisting the Debtors in this role. By virtue of their prior engagement, SRR and Ms. Cross are familiar with financial information and other data maintained by the Debtors and are

qualified to continue to provide financial and restructuring advisory services to the Debtors. As such, retaining SRR and Ms. Cross is an efficient and cost effective manner in which the Debtors may obtain the requisite services.

16. The Debtors needs assistance in collecting, analyzing and presenting accounting, financial and other information in relation to this chapter 11 case. SRR has considerable experience with rendering such services to other debtors and parties in numerous chapter 11 cases. As such, SRR is well qualified to perform the work required in this case.

## **DISINTERESTEDNESS**

17. SRR and Ms. Cross's employment is necessary and in the best interest of the Debtors and their estates. SRR and Ms. Cross meet the standards for being retained, for the following reasons.

18. To the best of the Debtors' knowledge and based upon the Affidavit of Loretta Cross (the "Cross Affidavit") (attached hereto as **Exhibit B**), SRR and Ms. Cross are "disinterested persons" as that term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code.

19. To the best of the Debtors' knowledge and based upon the Cross Affidavit:

   (a) SRR and Ms. Cross's connections with the creditors, board of directors, any other party in interest, or their respective attorneys are disclosed in the Cross Affidavit or otherwise described therein;

   (b) SRR and Ms. Cross are not creditors, equity security holders, or insiders of the Debtors;

   (c) except for the position of Ms. Cross as CRO (created for her to perform her tasks as a contractor), SRR and Ms. Cross are not and were not, within two years before the Petition Date, a director, officer, or employee of the Debtors; and

   (d) SRR partners and personnel who will work on this matter (including Ms. Cross) are not relatives of the United States Trustee of the Southern District of Texas, or of any known employee in the office thereof, or any

> United States Bankruptcy Judge of the Southern District of Texas. Ms. Cross's current and former position as CRO is and was an outside officer position designed to facilitate reorganization.

Thus, SRR and Ms. Cross are "disinterested persons" as that phrase is defined in Bankruptcy Code §§ 101(14) and 1107(b).

20. To the best of the Debtors' knowledge and based on the Cross Affidavit, SRR and Ms. Cross have not provided, and will not provide, any services to any of the creditors, other parties-in-interest, or their respective attorneys and advisors, with regard to any matter related to these chapter 11 cases.

## PROFESSIONAL COMPENSATION

21. SRR will file with the Court, and provide notice to the United States Trustee and any official committees, reports of compensation earned and expenses incurred on at least a quarterly basis. Such reports shall summarize the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. The notice shall provide a time period for objections. All compensation shall be subject to review by the Court in the event an objection is filed (*i.e.*, a "negative notice" procedure).

22. In connection with the retention of SRR for financial and restructuring advisory services in regard to restructuring matters SRR received a retainer of $25,000.

23. Within the ninety (90) days prior to the Petition Date, SRR was paid approximately $177,00 for financial advisory and other services rendered during that same time period, excluding the retainer.

## *NUNC PRO TUNC* RELIEF REQUESTED

24. Pursuant to the Debtors' request and due to exigent circumstances, SRR commenced this engagement immediately upon the Petition Date and with assurances that the Debtors would seek approval of its employment *nunc pro tunc* to the Petition Date.

25. Based upon the foregoing circumstances, the Debtors submit that cause exists to authorize the retention of SRR and Ms. Cross *nunc pro tunc* to the Petition Date.

26. The employment of SRR and Ms. Cross should be approved effective as of the Petition Date, with SRR having the right to seek compensation for services rendered on and after that date at the rates referenced in the Cross Affidavit.

## NOTICE

27. Notice of this Motion will be provided by overnight delivery and/or e-mail or facsimile to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) all known or alleged secured creditors; (c) the 20 largest consolidated unsecured creditors of the Debtors; (d) the DIP Lender(s); (e) all known shareholders holding over 5% of a class of equity interests in any of the Debtors; (f) the Securities and Exchange Commission; and (g) the Internal Revenue Service. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, PREMISES CONSIDERED, the Debtors respectfully request the Court enter an order, substantially in the form attached hereto, (i) granting this Application, (ii) authorizing the Debtors to employ and retain SRR to provide management and restructuring services to the Debtors and Ms. Cross as the Debtors' CRO, effective as of the Petition Date, to perform the services set forth herein, with compensation to be paid as an

administrative expense in such amounts as this Court may order under the Bankruptcy Code, and (iii) granting such other and further relief as is just and proper.

Dated: September 18, 2015.

        **MCKOOL SMITH, P.C.**

        By:   */s/ Hugh M. Ray, III*
            Hugh M. Ray, III
            State Bar No. 24004246
            Christopher D. Johnson
            State Bar No. 24012913
            Benjamin W. Hugon
            State Bar No. 24078702
            600 Travis, Suite 7000
            Houston, Texas 77002
            Tel: 713-485-7300
            Fax: 713-485-7344

        *Proposed Counsel for the Debtors-in-Possession*

McKool 1122102v2