IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 15-60069 |
| | § | |
| Apache Energy Services, Inc., | § | Chapter 11 |
| | § | |
| Debtor. | § | |

## OBJECTION TO POST-PETITION FINANCING

The Ad Hoc Committee of Creditors of debtor Apache Energy Services, Inc.[1] hereby

objects to the proposed financing by the Debtors as offered by the pre-petition, secured creditor,

Heartland Bank and states as follows:

**Summary of Reasons Why DIP Financing Motion Should Be Denied**

**A.  Introduction**

The proposed DIP Loan is an attempt by the secured lender to recycle its $12 million of

pre-petition term debt into super-priority, secured administrative claims thereby controlling the

bankruptcy case, while at the same time avoiding lender liability claims.  The DIP Loan is a bad

deal for unsecured creditors and completely unnecessary.  None of the Debtors have active

operations.  There are no employees left at the debtors except the chief restructuring officer who

is being paid by the DIP Lender.   The unsecured creditors of debtor AES do not want a DIP

Loan on terms offered by Heartland Bank.   The unsecured creditors of AES will fund their own

DIP Loan to the extent necessary and based on a budget that is reasonable for the legitimate

goals of the AES reorganization.

---

[1]  The Ad Hoc Committee consists of the following trade creditors and former employees of Apache
Energy Services, Inc. who hold unsecured claims against debtor AES: One Flow Energy Services, LLC,
Black Gold Energy LLC, Fields Water Services, LLC, Brent Mulliniks, and Billy Cox.

By way of background, all managerial, legal, and financial decisions that will impact AES and its unsecured creditors are being made by Loretta Cross, who is the sole corporate officer of AES' parent, debtor HII Technologies ("HII").    HII happens to be the 100% shareholder of AES.   As the 100% equity-holder of debtor AES, debtor HII is managing the AES bankruptcy case in a way that will only benefit the secured creditor of HII at the expense of the unsecured creditors of AES. Debtor HII and debtor AES have fundamentally different interests in this chapter 11 bankruptcy case.   In light of the palpable conflicts between HII (parent) and AES (subsidiary), debtor AES and its creditors will be better served by appointment of a chapter 11 trustee rather than approval of a $12 million dollar DIP Loan.  The chapter 11 trustee can determine whether a DIP Loan is needed in this case.

**B.  Proposed DIP Loan Being Pushed by Debtor HII is Not Wanted or Needed by debtor AES and Will Harm AES Efforts to Reorganize under Chapter 11**

AES has no need for an onerous and unnecessary DIP loan being pushed on AES by its parent, HII.  Debtor HII through its sole officer Ms. Cross is requesting that the bankruptcy court approve post-petition loans with super-priority liens in favor of secured creditor Heartland Bank. These post-petition loans will encumber not just the assets of HII but will also encumber all of the assets of debtor AES.  AES's assets include causes of action that the company has against Heartland Bank.  The proposed post-petition loans and the super-priority liens that go with these loans are unnecessary and not in the interests of AES or its unsecured creditors.  AES does not need the secured post-petition loans being offered by Heartland Bank.  AES currently has no active operations. Yet, debtor HII, is seeking to pledge the assets of AES to fund the professional fees of HII's chief restructuring officer and its attorneys while at the same time agreeing to release the secured lender from all liability.  [*See* ECF No. 7, DIP Motion at 16-17 (granting secured lender Heartland Bank broad releases from AES lender liability claims and fraudulent

transfer claims)].    A chapter 11 trustee is in a better position to determine what AES's post-petition financial needs are, not the 100% equity holder of AES.

### C. Debtor HII and its Management Seek to Release AES Legal Claims against the Secured Lender

AES has strong legal claims against Heartland Bank including but not limited to a fraudulent transfer claim in the amount of $12 million.  In August 2014 during the two-year look-back period before the bankruptcy, debtor HII pledged the assets of AES to secure a $12 million term loan to HII for the acquisition of debtor Hamilton Investment Group.  The Hamilton acquisition turned out to be a disaster for HII.  AES did not receive any material benefit from the $12 million term loan from Heartland Bank.   This is a textbook fraudulent transfer as to debtor AES and can be avoided under Section 548(a) of the Bankruptcy Code.  Yet, debtor HII, its sole officer Loretta Cross, and HII's attorneys are waiving all rights to avoid this $12 million obligation as to debtor AES.  The effect of the waiver is to saddle debtor AES with a $12 million in pre-petition liability on a loan that provided no benefit to AES.  Waiver of claims against Heartland Bank will foreclose the restructuring plan proposed by unsecured creditors of AES. On the other hand, if AES is not liable to Heartland Bank for the $12 million term made for the Hamilton acquisition, then AES will be able to reorganize under chapter 11 as a going concern and potentially provide payments to its unsecured creditors.

### D. Specific Objections to the DIP

Attached is a highlighted copy of the Debtor's motion that contains the objectionable provisions in the DIP Loan.  These include but are not limited to:  (a) recycling pre-petition debt of secured lender; (b) budget is not detailed as to each debtor; (c) waiver of legal claims against the secured lender; (d) liens on chapter 5 causes of action and all AES assets; (e) waiver of

Section 506(c) surcharge; (f) budget is not specific; (e) no showing that funds are needed; and (f) excessive commitment fees.

The Debtors' motion for post-petition DIP Financing should be denied as to AES.[2]

THE KENNEDY FIRM

By: *Kirk A. Kennedy*
Kirk A. Kennedy
Federal Bar No. 0032453
4221 Avondale Ave.
Dallas, Texas 75219
Tel: (832) 646.9228
Fax: (713) 583.7069

**COUNSEL FOR THE AD HOC COMMITTEE
OF UNSECURED CREDITORS OF APACHE
ENERGY SERVICES LLC**

---

[2]  The Ad Hoc Committee reserves the right to amend or supplement this objection as additional facts and information become available through discovery or otherwise.