UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| HII TECHNOLOGIES, INC., *et al.*[1] | § | CASE NO. 15-60070-DRJ |
| | § | (Jointly Administered) |
| Debtors | § | |

**TEXAS COMPTROLLER OF PUBLIC ACCOUNTS' OBJECTION TO ENTRY
OF FINAL ORDER APPROVING THE DEBTORS' EMERGENCY MOTION
(A) AUTHORIZING DEBTORS TO OBTAIN POSTPETITION FINANCING;
(B) AUTHORIZING USE OF CASH COLLATERAL; AND (C)
GRANTING ADEQUATE PROTECTION TO THE DIP LENDERS**

The Texas Comptroller of Public Accounts ("Comptroller"), appearing through the Texas

Attorney General's Office, objects to entry of a final order approving Debtors' Emergency Motion

(A) Authorizing Debtors to Obtain Postpetiton Financing; (B) Authorizing Use of Cash Collateral;

and (C) Granting Adequate Protection to the DIP Lenders (the "Motion") [Doc. No. 7] on the

following grounds:

1.      The Debtors each filed voluntary petitions for relief under Chapter 11 on September

18, 2015 (the "Petition Date"), and filed the emergency Motion to use cash collateral and obtain

post-petition financing.   An emergency hearing was held, and the Motion was granted on an

interim basis.   A hearing for final relief is set for October 5, 2015.

2.      The Debtors provided a proposed budget for the cash collateral order that does not

adequately provide for payment of taxes owed to the Comptroller.

3.      Adequate Protection for Pre-petition Trust Fund Taxes:    The Debtors operate an

oilfield services company focused on commercializing technologies and providing services in frac

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number,
are:   (i) Apache Energy Services, LLC (4404); (ii) Aqua Handling of Texas, LLC (4480); (iii) HII Technologies,
Inc. (3686); (iv) Sage Power Solutions, Inc. fka KMHVC, Inc. (1210); and (v) Hamilton Investment Group, Inc.
(0150).

water management, safety services and portable power used by exploration and production companies in the United States.   In the course of their operations, the Debtors collect state and local sales tax (the "Trust Fund Taxes").   These taxes are trust fund taxes pursuant to Texas Tax Code § 111.016.

4.      Texas Tax Code§ 111.016(a) provides as follows:

> Any person who receives or collects a tax or any money represented to be a tax from another person holds the amount so collected in trust for the benefit of the state and is liable to the state for the full amount collected plus any accrued penalties and interest on the amount collected.

Accordingly, the tax is held by the Debtors on behalf of the Comptroller, and the trust fund taxes do not become property of a bankruptcy estate.  *In re Al Copeland Enterprises, Inc.,* 133 B.R. 837, 838 (Bankr. W.D. Tex. 1991), *aff'd, Al Copeland Enterprises, Inc. v. State of Texas,* 991 F.2d 233 (5th Cir. 1993); *Texas v. Megafoods Store, Inc. (In re Megafoods Stores, Inc.),* 163 F.3d 1063 (9th Cir. 1998).

5.      The Debtors' operating revenues and collections of receivables will necessarily include Texas sales tax.   The sales tax, however, is not a part of the proceeds of the Debtors' inventory or accounts receivable. The trust fund tax may not be used by the Debtors in their business operations nor may the tax be diverted to a third party. *Alon USA LP v. Texas,* 222 S.W. 3d 19 (Tex.   App.- Austin   2005) (motor fuels tax in credit card receivables collected by creditor must be paid to the Comptroller); *Marrs-Winn Company, Inc. v. Giverson Electric, Inc. (In re Marrs-Winn Company, Inc.),* 103 F.3d 584, 589 (7th Cir. 1996) (money received pursuant to a statutory, express or implied trust "can only be distributed to trust beneficiaries, and not to creditors of bankruptcy estate"); *United States Department   of Energy v. Seneca Oil Company(In re Seneca Oil Company),* 906 F.2d 1445,

1453 (10th Cir. 1990)(trust funds "were never part of the bankruptcy estate, and therefore could not be used by the trustee to pay administrative expenses").  Likewise, sales tax trust funds collected along with the Debtor's post-petition sales are not the Debtor's property and are not cash collateral of any lender.  *In re Koppinger,* 113 B.R. 588 (Bankr. D. N.D. 1990).

6.      The Comptroller does not consent to the use of its trust funds taxes for the operation of the Debtors' business.

7.      As of the Petition Date, the Debtors should have been holding Trust Fund Taxes collected in June, July, August and the first eighteen days of September based upon tax returns filed by the Debtors for those periods (the "Pre-petition Trust Fund Taxes").  The Pre-Petition Trust Funds Taxes include sales tax return liability owed by Debtor Apache Energy Services, LLC in the approximate amounts of $246,000.00 and sales tax return liability owed by Sage Power Solutions, Inc. in the approximate amount of $32,000.00.  The Comptroller is currently in the process of calculating its claims and will file them as soon as they are prepared.

8.      The Comptroller requests as a form of adequate protection that the Debtors immediately identify and segregate any Pre-petition Trust Fund Taxes into a separate interest bearing account.

9.      <u>Adequate Protection for Post-petition Trust Fund Taxes</u>: To comply with state tax law, the Debtors must continue to collect the Trust Fund Taxes after the Petition Date (the "Post-petition Trust Fund Taxes").  The Post-petition Trust Fund Taxes may not be used by the Debtors in their business operations.  *United States v. Seneca Oil Co.*, 906 F.2d 1445, 1453 (10th Cir. 1990) (trust funds "were never part of the bankruptcy estate, and therefore could not be used by the trustee to pay administrative expenses"). The Comptroller's interest in the Post-

petition Trust Fund Taxes can be adequately protected by having the Debtors segregate, on at least a weekly basis, the collected Trust Fund Taxes into a separate account.

      a.   Pursuant to 11 U.S.C. §363(e), the Comptroller requests that the Debtors:

      (i)     establish a "Trust Fund Tax Escrow Account" at an approved depository institution;

      (ii)  deposit, at least weekly, into such account all trust fund taxes collected as a part of the Debtors' operations;

      (iii)  provide counsel for the Comptroller a copy of the weekly deposit slip confirming deposit of trust fund taxes into the escrow account; and

      (iv)  provide access to the Debtors' books and records, upon reasonable notice of at least 48 hours to Debtors' counsel, for a representative or representatives of the Comptroller to review or audit such records.

      10.   Finally, the Comptroller requests that the following language be included in any order approving the use of cash collateral and post-petition financing:

> Notwithstanding anything herein to the contrary, the relief granted herein is without prejudice to any rights of the Texas Comptroller of Public Accounts to funds which do not constitute property of the estate but which may qualify as trust funds. The Comptroller is not precluded from pursuing such funds, if any, by this Order, nor is any party in interest precluded from contesting any action of the Comptroller to recover alleged trust funds.

> Any liens or claims granted to the DIP Lenders are not valid or enforceable in relation to any funds which do not constitute property of the estate but which may qualify as trust funds.

      WHEREFORE, the Texas Comptroller of Public Accounts respectfully requests that it be granted adequate protection for its trust fund taxes pursuant to 11 U.S.C. §363(e) as set forth above and that it have such other and further relief as is just.

      Respectfully submitted,

      KEN PAXTON
      Attorney General of Texas

      CHARLES E. ROY

First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

RONALD R. DEL VENTO
Assistant Attorney General
Chief, Bankruptcy & Collections Division

*/s/ Courtney J. Hull*
COURTNEY J. HULL
Attorney-in-charge
Texas Bar No. 24061297
Southern District of Texas Bar No. 2618688
Assistant Attorney General
RACHEL R. OBALDO
Texas Bar No. 24041617
Southern District of Texas Bar No. 675101
Assistant Attorney General
Bankruptcy & Collections Division MC 008
P. O. Box 12548
Austin, TX 78711-2548
Telephone:   (512) 475-4862
Facsimile:   (512) 936-1409
Courtney.Hull@texasattorneygeneral.gov

ATTORNEYS FOR THE TEXAS
COMPTROLLER OF PUBLIC ACCOUNTS


## CERTIFICATE OF SERVICE

I certify that on October 1, 2015, a true copy of the foregoing was served by the method and to the following parties as indicated:

By Electronic Means as listed on the Court's ECF Noticing System:

Lance H. Beshara on behalf of Creditor Christopher George
lbeshara@pulmanlaw.com, ssharp@pulmanlaw.com;bgrubbs@pulmanlaw.com

William Steven Bryant on behalf of Creditor Committee The Official Committee of Unsecured Creditors
sbryant@lockelord.com

5

Hector Duran on behalf of U.S. Trustee US Trustee
Hector.Duran.Jr@usdoj.gov

Benjamin Warren Hugon on behalf of Debtors HII Technologies, Inc.; Apache Energy
Services, LLC; Aqua Handling of Texas, LLC; Hamilton Investment Group, Inc.; Sage
Power Solutions, Inc.
bhugon@mckoolsmith.com

Christopher Donald Johnson on behalf of Debtor HII Technologies, Inc.; Apache
Energy Services, LLC; Aqua Handling of Texas, LLC; Hamilton Investment Group,
Inc.; Sage Power Solutions, Inc.
cjohnson@mckoolsmith.com, nsauter@mckoolsmith.com,njones@mckoolsmith.com

Kirk A Kennedy on behalf of Creditor Brent Mulliniks
kkennedy@bticlaims.com

E. Lee Morris on behalf of Creditor Heartland Bank
lmorris@munsch.com

E. Lee Morris on behalf of Creditor McLarty Capital Partners SBIC, L.P.
lmorris@munsch.com

Hugh Massey Ray, III on behalf of Debtor Apache Energy Services, LLC
hmray@mckoolsmith.com, bankruptcee@yahoo.com;njones@mckoolsmith.com

Hugh Massey Ray, III on behalf of Debtor Aqua Handling of Texas, LLC
hmray@mckoolsmith.com, bankruptcee@yahoo.com;njones@mckoolsmith.com

Hugh Massey Ray, III on behalf of Debtor HII Technologies, Inc.
hmray@mckoolsmith.com, bankruptcee@yahoo.com;njones@mckoolsmith.com

Hugh Massey Ray, III on behalf of Debtor Hamilton Investment Group, Inc.
hmray@mckoolsmith.com, bankruptcee@yahoo.com;njones@mckoolsmith.com

Hugh Massey Ray, III on behalf of Debtor Sage Power Solutions, Inc.
hmray@mckoolsmith.com, bankruptcee@yahoo.com;njones@mckoolsmith.com

Hugh Massey Ray, III on behalf of Joint Debtor Apache Energy Services, LLC
hmray@mckoolsmith.com, bankruptcee@yahoo.com;njones@mckoolsmith.com

Hugh Massey Ray, III on behalf of Joint Debtor Aqua Handling of Texas, LLC
hmray@mckoolsmith.com, bankruptcee@yahoo.com;njones@mckoolsmith.com

Hugh Massey Ray, III on behalf of Joint Debtor Hamilton Investment Group, Inc.

hmray@mckoolsmith.com, bankruptcee@yahoo.com;njones@mckoolsmith.com

Hugh Massey Ray, III on behalf of Joint Debtor Sage Power Solutions, Inc.
hmray@mckoolsmith.com, bankruptcee@yahoo.com;njones@mckoolsmith.com

Douglas M Selwyn on behalf of Creditor S & M Assets, LLC
dselwyn@cwlaw.com,
jwestbrook@cwlaw.com;tsmith@cwlaw.com;aselwyn@cwlaw.com

Douglas M Selwyn on behalf of Creditor Craig Hamilton
dselwyn@cwlaw.com,
jwestbrook@cwlaw.com;tsmith@cwlaw.com;aselwyn@cwlaw.com

Douglas M Selwyn on behalf of Creditor Sharon Hamilton
dselwyn@cwlaw.com,
jwestbrook@cwlaw.com;tsmith@cwlaw.com;aselwyn@cwlaw.com

Douglas M Selwyn on behalf of Creditor William Mark Hamilton
dselwyn@cwlaw.com,
jwestbrook@cwlaw.com;tsmith@cwlaw.com;aselwyn@cwlaw.com

US Trustee
USTPRegion07.HU.ECF@USDOJ.GOV

Kevin Patrick Walters on behalf of Creditor Axis Capital, Inc.
walters@chaffe.com, cooper@chaffe.com

*/s/ Courtney J. Hull*
COURTNEY J. HULL