IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 15-60069 |
| | § | |
| **Apache Energy Services, Inc.,** | § | Chapter 11 |
| | § | |
| **Debtor.** | § | |

**MOTION TO APPOINT CHAPTER 11 TRUSTEE FOR DEBTOR
<u>APACHE ENERGY SERVICES LLC</u>**

**(EXPEDITED CONSIDERATION REQUESTED)**

The Ad Hoc Committee of Creditors of debtor Apache Energy Services, Inc.[1] hereby moves for appointment of a chapter 11 trustee for debtor Apache Energy Services, Inc. ("<u>AES</u>") pursuant to Section 1104 of the Bankruptcy Code on an expedited basis and states as follows:

**I.  Reasons Why a Chapter 11 Trustee is Needed for Debtor AES**

**A.  Introduction**

A chapter 11 trustee is needed to provide independent decision-making and management to debtor AES in its chapter 11 bankruptcy case and to avoid an obvious and incurable conflict of interest. At present, all managerial, legal, and financial decisions that impact AES and its unsecured creditors are being made by Loretta Cross, who is the sole corporate officer of AES' parent, debtor HII Technologies, Inc., Case No. 15-60070 ("<u>HII</u>"). Debtor HII is the 100% shareholder of AES. As the 100% shareholder of debtor AES, debtor HII is managing the AES bankruptcy case in a way that will: (a) benefit Heartland Bank, the secured creditor of HII and

---

[1] The Ad Hoc Committee consists of the following trade creditors and former employees of Apache Energy Services, Inc. who hold unsecured claims against debtor AES: One Flow Energy Services, LLC, Black Gold Energy LLC, Fields Water Services, LLC, Brent Mulliniks, and Billy Cox.

(b) benefit the creditors of debtor HII, at the expense of the unsecured creditors of AES. [*See* corporate structure chart attached hereto as Exhibit A].

Debtor AES also has claims against its parent HII and HII's corporate officers which are material and will affect the outcome of the AES and HII chapter 11 cases. These intercompany claims held by AES against its parent, debtor HII make it impossible for management of debtor HII to discharge their fiduciary obligations to debtor AES. The unsecured creditors of debtor AES are also different from the creditors of debtor HII and share different goals in these cases. [Compare 20 Largest Unsecured Creditors List in Case No. 15-60069 at ECF No. 2 *with* 20 Largest Unsecured Creditors List in Case No. 15-60070 at ECF No. 117 (showing different creditors for each debtor)]. The unsecured trade creditors of AES wish to reorganize the company while debtor HII seeks to liquidate the assets of all debtors and pay the proceeds to Heartland Bank.

Debtor HII and debtor AES have fundamentally different interests in these chapter 11 bankruptcy cases. Because of the multiple conflicts between HII (parent) and AES (subsidiary), debtor AES and its creditors need a chapter 11 trustee to provide independent management of the debtor's chapter 11 case. Appointment of a chapter 11 trustee under these facts is supported by controlling Fifth Circuit precedent. *See In re Cajun Elec. Power Co-op, Inc.,* 69 F.3d 746, 749 (5th Cir. 1995), *withdrawn in part on rehearing,* 74 F.3d 599 (5th Cir. 1996)(affirming appointment of chapter 11 trustee based on conflicts of interest between debtor and management).

### B. Proposed DIP Loan Being Pushed by Debtor HII is Not Wanted or Needed by debtor AES and Will Harm AES Efforts to Reorganize under Chapter 11

A clear example of the conflict of interest is the $12 million DIP loan proposed by debtor HII. [*See* ECF No. 7] While clearly benefiting debtor HII and its pre-petition secured creditor,

Heartland Bank, the proposed DIP loan is an onerous and unnecessary burden on AES and its creditors.  Debtor HII through its sole officer Ms. Cross is requesting that this court approve post-petition loans with super-priority liens in favor of secured creditor Heartland Bank, that will encumber not only the assets of HII but will also encumber *all of the assets of debtor AES* including the causes of action that AES has against Heartland Bank.

The proposed post-petition loans and the super-priority liens that go with these loans are unnecessary and not in the interests of AES or its unsecured creditors.  AES does not have a business need for the secured, post-petition loans being offered by Heartland Bank.  While AES currently has no active operations, it does have significant legal claims, described below, that will be lost as a result of this transaction.  The fact that pre-petition, parent HII was allowed to encumber the assets of AES, without any benefit or consideration to AES, does not mean that current management should be allowed to compound this mistake post petition. Yet, debtor HII is seeking to do just that by encumbering the assets of AES to fund the professional fees of HII's chief restructuring officer and its attorneys while at the same time agreeing to release the secured lender from all liability.  [*See* ECF No. 7, DIP Motion at 16-17 (granting secured lender broad releases from AES lender liability claims and fraudulent transfer claims)].   A chapter 11 trustee is in a better position to determine what AES's post-petition financial needs are and how to best protect the interests of its creditors, not the 100% equity holder of AES.

### C. Debtor HII and its Management Seek to Release AES Legal Claims against the Secured Lender

As stated above, AES assets were used pre petition to serve the needs of its parent without consideration.  As a result, there is no question that AES has claims against Heartland Bank including but not limited to a fraudulent transfer claim of at least $12 million.  Just over a year ago, in August 2014, HII caused AES to pledge its assets to secure a $12 million term loan

3

so that HII could acquire Hamilton Investment Group. The Hamilton acquisition was a disaster for HII. But most significantly for AES is the fact that AES did not receive any consideration for pledging its assets. Little if any of the $12,000,000 in proceeds from Heartland Bank ever made it to AES. A forensic accounting will show that debtor AES transferred its operating revenue to HII and Heartland Bank in amounts that exceeded any consideration AES received in exchange from either its parent, HII or Heartland Bank. At least $1.09 million in cash transfers to Heartland Bank occurred during the preference period.

The $12 million obligation is a textbook fraudulent transfer as to AES and must be avoided under Section 548(a) of the Bankruptcy Code. Yet, debtor HII, its sole manager Loretta Cross, and HII's attorneys are waiving all rights to avoid this $12 million obligation as to debtor AES. The effect of the waiver is to saddle debtor AES with a $12 million pre-petition liability for a loan that provided no benefit to AES. Waiver of claims against Heartland Bank will foreclose the restructuring plan proposed by unsecured creditors of AES. On the other hand, if AES is not liable to Heartland Bank for the $12 million term loan made for the Hamilton acquisition, then AES will be able to reorganize under chapter 11 as a going concern and potentially provide payments to its unsecured creditors. A chapter 11 trustee will preserve and independently evaluate the legal claims against Heartland Bank held by debtor AES.

### D. Debtor AES has Claims against its Parent, HII which cannot be Developed and Asserted because the Management of the Parent is the same as the Management of Subsidiary AES

Debtor AES and its creditors also have substantial pre-petition claims against its parent HII. These pre-petition claims make it impossible for debtor HII and CRO Loretta Cross to be sole decision-maker for AES and HII simultaneously. This presents a clear and incurable conflict of interest that the Fifth Circuit Court of Appeals has stated supports appointment of a

trustee. *See In re Cajun Elec. Power Co-op, Inc.,* 69 F.3d at 749. *See also In re Marvel Entertainment Group, Inc.,* 140 F.3d 463, 472 (3d Cir. 1998)(adopting reasoning of Fifth Circuit in Cajun Electric that conflicts and acrimony between debtor and its creditors is grounds for chapter 11 trustee).

Prior to bankruptcy, AES was the only profitable subsidiary of HII. In 2014 and 2015, HII and its senior corporate officers including CEO Matt Flemming, chief financial officer Acie Palmer, and later chief restructuring officer Loretta Cross, began to insert themselves into the operations of AES even though they had little if any experience in water-management systems used in oil-field fracking. As officers and agents of HII, Flemming and Palmer in particular intervened into AES business and financial affairs and began making decisions that harmed the company including but not limited to: (a) entering into above market equipment leases; (b) diverting money from AES to other HII subsidiaries including debtor Sage Power; (c) cancelling profitable AES contracts; (d) terminating profitable AES business operations; (e) alienating AES employees in West Texas; (f) ordering transfer of $2.2 million in Series-B investor funds to pay-down debt of Heartland Bank during the preference period when investor funds were allocated to pay-down AES vendor debt; and (f) pledging assets of AES to secure obligations of other debtor subsidiaries.

The current officer and director of debtor HII (Loretta Cross) is not in a position to investigate and prosecute the claims of AES against the same company that employs her and pays her salary—debtor HII. AES needs an independent chapter 11 trustee to assert these claims against the debtor HII.

### E. Applicable Law 11 U.S.C. § 1104

Section 1104 of the Bankruptcy Code provides for the appointment of a chapter 11 trustee for cause and if such appointment is in the best interest of creditors. 11 U.S.C. § 1104(a). Cause includes fraud, dishonesty, incompetence or gross mismanagement by current management, although **cause can include other factors such as conflict of interest and acrimony between debtor and creditors**. *In re Cajun Elec. Power Co-op, Inc.,* 69 F.3d at 749. *In re Marvel Entertainment Group, Inc.,* 140 F.3d 463, 472 (3d Cir. 1998)(adopting reasoning of Fifth Circuit in Cajun Electric that conflicts and acrimony between debtor and its creditors is grounds for chapter 11 trustee).

Here, the interests of the debtor HII and its subsidiary AES are at odds. The interests of the parent HII are categorically different from the interests of the creditors of AES and therefore, there is a clear conflict of interest. Ms. Cross and her professionals cannot cure this conflict by saying that they are balancing the needs of "all" the entities when the assets and debt structure are different. It is untenable at this juncture of the case to say that the August 2014 pledge of AES assets to Heartland Bank cannot be challenged when, in fact, it is the duty of AES management to pursue this claim and avoid the $12 million obligation that burdens the assets of AES.

Finally, this Motion is not a personal attack on the ability or competency of Ms. Cross or her counsel, however they find themselves in a difficult situation. They inherited their roles in a parent company whose ordinary course of business was to disregard the separate entities, such as AES, and to operate everything in such a way that it benefited the parent debtor HII, without regard for the creditors of the subsidiaries. It is clear that Ms. Cross was brought into this case

because prior management knew they would be removed in a bankruptcy case because of their self-dealing and incompetence pre-petition.

To the extent the court finds that the conflict of interest is not sufficient cause under §1104 (a) (1), then clearly it is in the best interests of AES and its creditors to have independent management review its affairs and determine if it should participate in the proposed loan and release all claims against Heartland.

Expedited relief is requested so that the proper management of AES can begin work and preserve this debtor's going concern value for the benefit of creditors. The Ad Hoc Committee has filed a separate motion requesting expedited relief with respect to appointment of a chapter 11 trustee for debtor AES.

Wherefore, for the Ad Hoc Committee of Creditors of debtor AES moves for appointment of a chapter 11 trustee on an expedited basis and for all other relief to which it is entitled.

        **PENDERGRAFT & SIMON, LLP**

        /s/ *Leonard H. Simon*
        Leonard H. Simon, Esq.
        TBN: 18387400; SDOT No. 8200
        THE RIVIANA BUILDING
        2777 Allen Parkway, Suite 800
        Houston, Texas 77019
        Direct Line: (713) 737-8207
        Direct Fax: (832) 202-2810
        Email: lsimon@pendergraftsimon.com

        AND

        **THE KENNEDY FIRM**

        By: *Kirk A. Kennedy*
        Kirk A. Kennedy
        Federal Bar No. 0032453
        4221 Avondale Ave.
        Dallas, Texas 75219

Tel: (832) 646.9228
Fax: (713) 583.7069
kkennedy@bticlaims.com

**COUNSEL FOR THE AD HOC COMMITTEE OF UNSECURED CREDITORS OF APACHE ENERGY SERVICES LLC**