

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

ENTERED
10/14/2015

| | | |
|---|---|---|
| In re:<br>APACHE ENERGY SERVICES, LLC<br>      Debtor | §<br>§<br>§<br>§ | Chapter 11<br>Case No. 15-60069 (DRJ) |
| In re:<br>HII TECHNOLOGIES, INC.<br>      Debtor | §<br>§<br>§<br>§<br>§ | Chapter 11<br>Case No. 15-60070 (DRJ) |
| In re:<br>AQUA HANDLING OF TEXAS, LLC<br>      Debtor | §<br>§<br>§<br>§<br>§ | Chapter 11<br>Case No. 15-60071 (DRJ) |
| In re:<br>HAMILTON INVESTMENT GROUP<br>      Debtor | §<br>§<br>§<br>§<br>§ | Chapter 11<br>Case No. 15-60072 (DRJ) |
| In re:<br>SAGE POWER SOLUTIONS, INC. f/k/a<br>KMHVC, INC.<br>      Debtor | §<br>§<br>§<br>§<br>§<br>§ | Chapter 11<br>Case No. 15-60073 (DRJ)<br><br>(**Joint Administration Requested**) |

## ORDER GRANTING INTERIM PROCEDURES FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR CHAPTER 11 PROFESSIONALS
(Docket No. 11)

Upon consideration of the Debtors' Motion for an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Chapter 11 Professionals (the "Motion")[1] and Debtors' counsel's reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "Revised UST

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1

McKool 1122915v2

Guidelines");[2] and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and proper and adequate notice of the Motion and the hearing thereon having been given; and it appearing that no other or further notice being necessary; and it appearing that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors and their estates; and after due deliberation and sufficient cause appearing therefore; it is hereby ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Except as may otherwise be provided in orders of this Court authorizing the retention of specific Professionals, all Professionals employed by the estates or the Committee in these chapter 11 cases pursuant to order of this Court may seek compensation for professional services rendered and reimbursement of expenses incurred in accordance with the procedures established as follows (collectively, the "Compensation Procedures"):

    a. Pending eventual Court approval thereof as a quarterly fee application, each Professional (other than those subject to separate Court order) retained by the estate in this chapter 11 case pursuant to Sections 327 and 1103 of the Bankruptcy Code seeking the interim payment of fees and reimbursement of expenses may:

        (i) submit to the Debtors an itemized monthly fee and expense statement ("Monthly Statement") in compliance with the provisions below setting forth the fees and expenses for which payment is sought for the preceding month, with supporting detail; and

        (ii) serve a copy of such Monthly Statement on the Debtors to the attention of the CRO, bankruptcy counsel for the Debtors, Counsel for DIP Agent and the DIP Lenders, counsel for Committee of Unsecured Creditors (if appointed), and the United States Trustee (collectively, the "Fee Parties").

---

[2] *See* Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases, 78 Fed. Reg. No. 116, June 17, 2013 at p. 36248.

McKool 1122915v2

b. Each Monthly Statement shall include, as an exhibit, time records that itemize services in tenth of an hour increments.

c. The Fee Parties shall have ten (10) days from the date of service of the Monthly Statement to review the Monthly Statements. After such review, and except as provided herein, the Debtors shall pay in the ordinary course of business:

(i) Eighty percent (80%) of the fees requested by a Professional; and

(ii) One Hundred percent (100%) of the expenses requested by a Professional.

d. In the event that there are objections to any Monthly Statement submitted by a Professional, the objecting Fee Party shall, within ten (10) days of service of the Monthly Statement, notify the Fee Parties and the affected Professional in writing of such objection. The objection shall specify in detail the nature and basis of the objection. Pending resolution of such objection, the Debtors shall promptly pay to the Professional, as to fees, the amount requested in the particular Monthly Statement less the greater of (i) the amount in dispute or (ii) the twenty percent holdback provided above and, as to expenses, the amount requested less the actual amount in dispute. The Professional and the objecting Fee Party shall endeavor to amicably resolve any objection within five (5) days after notice of the objection. If a resolution cannot be reached in that period, the Professional may request that the Court resolve the dispute at the next regularly scheduled fee application hearing (or at the final fee application hearing if the parties agreed to such). The failure of any Fee Party (or other interested party with standing to object) to object to the payment of any Monthly Statement within the ten (10) day period set forth above shall not be deemed to constitute a waiver of that party's right to object to any interim or final fee application filed by any Professional or preclude any disgorgement of any fees paid.

(a) The initial Monthly Statement shall be submitted and served in accordance with this paragraph, and shall cover the period from the later of (i) the Petition Date or (ii) the effective date of the approval of the Professional's retention by the Court. Thereafter, each Monthly Statement shall be submitted and served in accordance with the terms set out above.

(b) Interim compensation will be paid pursuant to the DIP Budget, as may be modified from time to time, without prejudice to any Professional's right to seek an allowed administrative expense claim.

3. If any party in interest contends that any Professional has a conflict of interest or other affiliation requiring disqualification resulting from matters reasonably disclosed in connection with the Professional's retention application or any amendment thereto, such party in interest shall immediately file an objection to the Professional's retention, detailing the alleged

conflict or other disqualifying factors, and shall raise any such contention at the first hearing on interim compensation following such disclosure (unless an earlier hearing is scheduled by the Court in connection with the objection), or shall thereafter be estopped from doing so.  Each Professional shall have a continuing obligation to disclose any matter that may affect qualification for court approved employment under the Bankruptcy Code or disqualification from employment under any relevant ethical consideration.

4. All Fee Applications shall comply with the January 22, 2013 Court Procedures and Practice Tips of Judge David Jones at paragraph (17)(b).  The first interim fee application will cover the period ending January 31, 2016.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. A copy of this Order shall be served on all attorneys who have been retained, or who shall thereafter be retained, in the above captioned cases.

10. This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

**Signed: October 14, 2015.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

McKool 1122915v2